**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 21-4094
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RALPH JEFFREY WEATHINGTON, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., Senior District Judge.  (2:19-cr-00174-1)

_____

Submitted:  March 31, 2023                                    Decided:  April 5, 2023

_____

Before WYNN, DIAZ, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Tim C. Carrico, CARRICO LAW OFFICES, LC, Charleston, West Virginia, for Appellant.  Lisa G. Johnston, Acting United States Attorney, Jeremy B. Wolfe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ralph Jeffrey Weathington, Jr., appeals his jury convictions and 188-month sentence for distribution of five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1), and possession with intent to distribute fentanyl, cocaine, and 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On appeal, Weathington claims that the district court erred in denying his motion to suppress evidence, refusing to sever the charges, admitting unfairly prejudicial evidence, and concluding that his prior conviction was a serious drug felony triggering application of enhanced statutory penalties. We affirm.

In reviewing a district court's ruling on a motion to suppress, we review legal conclusions de novo and factual findings for clear error. *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021). "Because the district court denied [Weathington's] motion to suppress, 'we construe the evidence in the light most favorable to the [G]overnment.'" *United States v. Clarke*, 842 F.3d 288, 293 (4th Cir. 2016) (quoting *United States v. Kelly*, 592 F.3d 586, 589 (4th Cir. 2010)).

Under the exclusionary rule, "the introduction at criminal trial of evidence obtained in violation of a defendant's Fourth Amendment rights" is generally prohibited. *United States v. Stephens*, 764 F.3d 327, 335 (4th Cir. 2014) (quotation marks omitted). "The Fourth Amendment prohibits unreasonable searches, and searches conducted without a warrant are per se unreasonable." *United States v. Lattimore*, 87 F.3d 647, 650 (4th Cir. 1996). However, voluntary consent to search "obtained . . . from the individual whose

property is searched" is an exception to the warrant requirement. *Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990) (citation omitted). "In determining whether consent to search was freely and voluntarily given, the totality of the circumstances surrounding the consent must be examined." *Lattimore*, 87 F.3d at 650.

Weathington argues that the district court should have suppressed evidence recovered from an apartment because the apartment's tenant did not consent to the initial, warrantless search. In particular, he asserts that the court should not have credited a law enforcement officer's testimony that the tenant provided consent. However, because "it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress," the court was entitled to credit the officer's testimony, particularly given that the tenant, who denied giving consent to search, admitted she had lied to law enforcement officers. *Pulley*, 987 F.3d at 376 (citation and quotation marks omitted). Furthermore, viewing the evidence in the light most favorable to the Government and "defer[ring] to [the] district court's credibility determinations," our review of the record confirms that the tenant freely and voluntarily consented to the search. *Id.* Thus, the warrantless search of the apartment did not violate the Fourth Amendment, and, accordingly, the district court did not err in denying Weathington's motion to suppress.

Next, Weathington asserts that the district court erred by refusing to sever the charges against him. We review a district court's denial of a motion to sever for abuse of discretion. *United States v. Zelaya*, 908 F.3d 920, 929 (4th Cir. 2018). "Joinder of related charges is broadly permitted to avoid needless duplication of judicial proceedings," and a defendant moving to sever properly joined offenses "bears the burden of demonstrating 'a

3

strong showing of prejudice.'" *United States v. Branch*, 537 F.3d 328, 341 (4th Cir. 2008) (quoting *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984)) ). "[I]t is not enough to simply show that joinder makes for a more difficult defense," *Goldman*, 750 F.2d at 1225; rather, the defendant must show that "there is a serious risk that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence," *United States v. Qazah*, 810 F.3d 879, 891 (4th Cir. 2015) (quotation marks omitted).

On appeal, Weathington fails to explain how the joinder of the related drug charges against him made his defense more difficult, let alone how the joinder prejudiced him at trial. He has therefore failed to make the strong showing of prejudice necessary to justify severance. Accordingly, we conclude that the district court did not abuse its discretion in denying his motion to sever.

Weathington also claims that the district court erred by refusing to exclude evidence of a handgun pursuant to Federal Rule of Evidence 403. Rule 403 allows a district court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Our review of Rule 403 rulings is highly deferential, looking "at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *United States v. Udeozor*, 515 F.3d 260, 265 (4th Cir. 2008) (quoting *United States v. Simpson*, 910 F.2d 154, 157 (4th Cir. 1990))). Accordingly, "a trial court's 'decision to admit evidence over a Rule 403 objection will not be overturned except under the most extraordinary circumstances, where that discretion has been plainly abused.'"

4

*United States v. Hassan*, 742 F.3d 104, 132 (4th Cir. 2014) (quoting *Udeozor*, 515 F.3d at 265).

It is well established that firearms are "tools of the trade" in drug trafficking. *United States v. Manigan*, 592 F.3d 621, 629 (4th Cir. 2010). Accordingly, the handgun evidence was relevant and probative of the elements of the offense—namely, whether Weathington intended to distribute the drugs he possessed. Moreover, Weathington does not explain how the admission of the handgun evidence had "an undue tendency to suggest decision on an improper basis" such as "an emotional one." *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997) (internal quotation marks omitted) (defining unfair prejudice). Thus, Appellant fails to establish that the admission of the handgun created a danger of unfair prejudice. We therefore find that the district court did not abuse its discretion in declining to exclude the handgun evidence.

Finally, Weathington argues that the district court erred in concluding that his prior state conviction triggered 21 U.S.C. § 841(b)'s enhanced mandatory minimum, a claim that we review de novo. *United States v. Valdovinos*, 760 F.3d 322, 325 (4th Cir. 2014). A defendant who commits "a violation [of § 841(a) punishable under § 841(b)(1)(A)] after a prior conviction for a serious drug felony . . . has become final . . . shall be sentenced to a term of imprisonment of not less than 15 years." 21 U.S.C. § 841(b)(1)(A). A "serious drug felony" is defined as "an offense described in [18 U.S.C. §] 924(e)(2) . . . for which – (A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense." 21 U.S.C. § 802(57). An "offense described in

5

[18 U.S.C. §] 924(e)(2)" includes "an offense under State law, involving . . . distributing . . . a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law."  18 U.S.C. § 924(e)(2)(A)(ii).

We have reviewed the record and conclude that Weathington's prior conviction qualifies as a "serious drug felony" under § 841(b).  Therefore, the district court properly determined that Weathington's statutory mandatory minimum was 15 years' imprisonment.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*